Turley, J.
delivered the opinion of the court.
This bill is filed by the complainant against the defendants to assert her right of dower in a tract of land of one hundred and twenty-four and three-fourth acres, under the following circumstances:
*414 On the 25 th day of January, 1822, John Woods sold the -tract of land in controversy to James Williams, the husband of the complainant, and the purchase money not being paid, the title was reserved by the vendor, and a bond to convey executed to the vendee. The vendee died before the purchase money was paid, and- the vendor was compelled to resort to a court of chancery to enforce a payment of his debt hy a sale of the land. A decree for that purpose was obtained, and the land was sold and bought in by the vendee at a price which left no surplus fund, so far as this court can see. The complainant was no party to the proceedings, the bill having been filed against the heirs at law of James Williams; and it is now contended that the widow is endowable of an equitable estate, and that not having been made a party to the proceedings by virtue of which the land was sold, her rights were not divested by the sale, but that she may still, charge the estate in the hands of, the purchaser under the decree with dower interest.
Where land is sold,, and the title is reserved as a security for the payment of the purchase money, the right of the vendor to have it so applied is superior to the right of the widow of the vendee to be endowed thereof. Her right to be endowed of the land in kind depends upon the payment of the purchase money. If this be not done, and the land is sold under a decree of court, the purchaser takes it discharged from the right of dower, and the widow is turned over to the surplus fund, (if the land should sell for more than yvill pay the debt which is a charge upon it,) of which she is entitled to one-third part during her natural life as dower,
From this view it is clearly seen that the complainant in this case has no right to charge the land in the hands of the defendants, but must seek for the surplus fund, if there be any, and look to it alone for redress.
The chancellor was therefore, right in dismissing the bills and we affirm his decree.